a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BEKMAMET ALISHEROV,
Petitioner

CIVIL DOCKET NO. 1:26-CV-00197 SEC P

VERSUS

JUDGE ALEXANDER C. VAN HOOK

KRISTI NOEM ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

# MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Bekmamet Alisherov ("Alisherov"). ECF No. 1. Alisherov is an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.

Alisherov is a native and citizen of Kyrgyzstan who alleges that he entered the United States without inspection in January 2023. ECF No. 1 at 1, 4. On January 27, 2025, the Department of Homeland Security issued a Notice to Appear charging him as present in the United States without having been admitted or paroled. ECF No. 7-1 at 1. He was arrested on November 7, 2025. ECF No. 1 at 2. An immigration judge ordered Alisherov removed to Kyrgyzstan, and his appeal to the Board of Immigration Appeals remains pending. ECF No. 7 at 1; ECF No. 7-2.

Alisherov contends that 8 U.S.C. § 1226(a), rather than § 1225(b)(2)(A), governs his custody, and that his continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment. ECF No. 1 at 13-15; ECF No. 8 at 1-4.

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Id.* at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an

individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 14 days after service of this Order, Alisherov shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of Buenrostro-Mendez and Sosnava Rodriguez on each of his claims, including any claim based on the parole he asserts was previously granted under 8 U.S.C. § 1182(d)(5)(A), and explaining why any claim remains viable. Alisherov shall separately identify any claim he maintains solely to preserve it for further review.

IT IS FURTHER ORDERED that Respondents may file a response, not exceeding seven (7) pages, within 7 days after the supplemental memorandum is filed.

SIGNED on Wednesday, November 25, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE